# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Troy English,

              Plaintiff,        Case No. 19-12463

v.                                  Judith E. Levy
                                   United States District Judge

II Enterprises,

                                   Mag. Judge Elizabeth A. Stafford
            Defendant.

_____/

## OPINION AND ORDER PROVISIONALLY GRANTING DEFENDANT'S MOTION TO DISMISS [13] AND GRANTING PLAINTIFF FORTY-FIVE DAYS TO AMEND HIS COMPLAINT

**INTRODUCTION**

Plaintiff Troy English filed this *pro se* disability discrimination complaint alleging that his employer, Defendant II Enterprises, fired him because of the medical expenses associated with his amputation. (ECF No. 1.) Defendant moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) For the reasons below, the Court provisionally GRANTS Defendant's motion to dismiss. The Court additionally exercises its discretion to allow Plaintiff forty-five (45) days to amend his complaint to state a claim for

disability discrimination. Should Plaintiff fail to sufficiently amend his claim within forty-five (45) days, the Court will enter judgment in Defendant's favor.

**FACTS**

Plaintiff filed this complaint on August 21, 2019. (ECF No. 1.) Plaintiff alleges that his left leg was amputated below the knee sometime after July 27, 2016, during a medical leave of absence. (ECF No. 1, PageID.1.) Plaintiff's doctor authorized him to return to work beginning June 22, 2017. (*Id.*) On April 20, 2017, however, Defendant mailed Plaintiff a letter informing him that he had been fired. (*Id.*) On April 30, 2017, Plaintiff spoke with Sarah Ford, whom Plaintiff alleges is both the head of Defendant's HR and Defendant's owner's daughter. Ms. Ford told Plaintiff that "we have to let you go because you cost us to[o] much money with your medical issue." (*Id.*)

On April 6, 2018, Plaintiff contacted a Michigan civil rights representative, who connected Plaintiff with Deanna Wooten of the Equal Employment Opportunity Commission (EEOC). Ms. Wooten apparently was involved with the case when it was a charge of discrimination pending at the EEOC. (*Id.*) After some negotiation

between Plaintiff and Defendant, it appears that Plaintiff turned down Defendant's offer of $2,500.00 to settle the matter. (*See id.*) The EEOC declined to pursue Plaintiff's case further but provided Plaintiff with a "Notice of Right to Sue (Conciliation Failure)," which stated that "[t]he EEOC found reasonable cause to believe that violations of the [Americans with Disabilities Act (ADA)] occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with [Defendant] that would provide relief for you." (*Id.* at PageID.3.) The letter informed Plaintiff that, within ninety (90) days of the mailing date of June 5, 2019, he could file suit in federal or state court based on the charge stated in the notice. (*Id.*)

On August 21, 2019, Plaintiff timely filed the above complaint and included a copy of the EEOC letter. (*Id.*) Plaintiff initially named as Defendants II Enterprises, Sarah Ford, and Deanna Wooten. (*Id.* at PageID.1.) On August 29, 2019, Plaintiff provided the Court with a short letter clarifying that he had intended to sue only II Enterprises. (*See* ECF No. 5, PageID.8.) Plaintiff also attached to his letter an EEOC mediation request and documents pertaining to a separate unemployment benefits case. (*Id.*) The Court docketed this set of letters and attached documents

as an "amended complaint" and terminated Defendants Wooten and Ford. (ECF No. 5.)

On November 4, 2019, Defendant filed a motion to dismiss Plaintiff's amended complaint, arguing that although the complaint "appears to allege a claim of employment discrimination," it "fails to identify . . . an identifiable request for relief." (ECF No. 13, PageID.44.)

**LAW AND ANALYSIS**

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Amended Complaint

The first question is whether Plaintiff's amended complaint supplements his original complaint or, as Defendant implies, completely supersedes it.

Typically, the filing of an amended complaint "supersedes all prior complaints," rendering them "nullit[ies]." *B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008). However, "this rule does not apply when the amended complaint incorporates by reference the earlier complaint." *Rajapakse v. Memphis Light, Gas, and Water Div.*, No. 12-2807, 2013 WL 3803979, at *7 (W.D. Tenn. July 19, 2013) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). In this case, Plaintiff included no factual details in the handwritten portion of his amended complaint, and instead cited his current case name and number and reiterated that he wanted to pursue a discrimination claim against his employer. (ECF No. 5, PageID.8.) Plaintiff's only written addition was to say that "[the Court] sent me paper, with the [relevant case number] . . .

5

I am suing my Company II Enterprise & not Mrs. Wooten." (ECF No. 5, PageID.8.)

Because the Sixth Circuit has held that courts must hold *pro se* complaints "to a less stringent standard than pleadings prepared by attorneys," *Frengler v. Gen. Motors*, 382 Fed. Appx. 975, 976 (6th Cir. 2012), courts have consistently interpreted such *pro se* filings as addenda to, and not replacements for, the initial complaint. *See Privett v. Pellegrin*, 798 F.2d 470, at *1 n.1 (6th Cir. 1986) (unpub.) (finding incorporation by reference when the plaintiff requested that all his claims be heard "at one trial"); *Pickett v. McCage*, No. 1:17-cv-01097, 2018 WL 2187057, at *1 (W.D. Tenn. May 11, 2018) (finding incorporation by reference when the plaintiff "appear[ed] to intend for this filing to add additional facts to his original complaint rather than replace it"); *Brent v. Hyundai Capital America*, No. 14-2600, 2014 WL 7335415, at *1 n.1 (W.D. Tenn. Dec. 19, 2014) (construing the plaintiff's "amended complaint as a supplement to the original complaint, as [the plaintiff's] original complaint contains more factual details underlying his claims"); *Rajapakse*, 2013 WL 3803979, at *7 (finding incorporation by reference

when the plaintiff's "statements suggest[ed] that [the plaintiff] intended the allegations . . . to supplement, rather than supplant," the complaint).

Here, Plaintiff stated all of his factual and legal claims in his first complaint. In examining Plaintiff's second filing, which the Court initially construed as an "amended complaint," it is clear that Plaintiff intended only to clarify the party whom he intended to sue and not to completely supersede his prior filing. In line with this persuasive authority and with the Sixth Circuit's mandate to "liberally construe" *pro se* complaints, *Frengler*, 482 Fed. Appx. at 976, the Court finds that Plaintiff's amended complaint incorporates by reference his initial complaint.

ADA Employment Discrimination Claim

Plaintiff's complaint alleges that Defendant "discriminated against [Plaintiff's] disability." (ECF No. 1, PageID.1.) Plaintiff additionally attaches, and repeatedly references, the EEOC's disability discrimination ADA claim notice. (ECF No. 1, PageID.1-3.) The Court therefore construes Plaintiff's action as a disability discrimination claim under the Americans With Disabilities Act.

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of a disability." 42 U.S.C. § 12112(a). To establish a prima facie case of ADA discrimination, Plaintiff must show three things:

> 1) he is disabled;
> 2) he is otherwise qualified to perform the essential functions of his position, with or without accommodation; and
> 3) he suffered an adverse employment action because of his disability.[1]

*Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891-92 (6th Cir. 2016) (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996)).

---

[1] Defendant suggests a slightly different, five-factor test for employment discrimination under the ADA. (ECF No. 13.) While Defendant's suggestion—referred to as the "indirect method"—is a valid metric for determining ADA discrimination, it does not apply here. As the Sixth Circuit has explained, the five-factor test is appropriate for situations where there is not "direct evidence of discrimination," such as "evidence that the employer relied upon the plaintiff's disability in making its employment decision." *Ferrari*, 826 F.3d at 891 (citing *Monette*, 90 F.3d at 1178). In those kinds of cases, plaintiffs are essentially asking the court to infer discrimination, which is why the test requires the additional showing that 1) the employer "knew or had reason to know of the plaintiff's disability" and 2) "the position remained open while the employer sought other applicants or the disabled individual was replaced." *Id.* But where, as here, the plaintiff has provided direct evidence that the defendant relied upon the plaintiff's disability in issuing an adverse employment decision, the plaintiff need only demonstrate the three statutory elements: disability, qualification, and adverse employment action. *Id.*

8

Even assuming that all of Plaintiff's claims are true, Plaintiff has insufficiently plead the second element of an ADA claim: that he is "otherwise qualified" to perform the "essential functions" of his position. Though Plaintiff has pleaded that he is an amputee and that his employer fired him because his "medical issue . . . cost [them] to[o] much money," (ECF No. 1, PageID.1), Plaintiff has not told the Court what his position was, let alone whether Plaintiff was "otherwise qualified" for the job. Because the Court cannot make this determination on the face of Plaintiff's complaint, the Court agrees with Defendant that Plaintiff has not pled all of the elements of a case for disability discrimination. *See Ferrari*, 826 F.3d at 891.

However, based upon the materials in Plaintiff's filings, the Court believes that Plaintiff should be afforded an opportunity to amend his complaint, if he so chooses. In *Brown v. Matauszak*, the Sixth Circuit found that the district court abused its discretion in declining to grant a *pro se* plaintiff leave to amend a complaint—even though the plaintiff did not request this relief—when a post-judgment motion revealed that information existed to cure the complaint's deficiencies. 415 Fed. Appx. 608, 616 (6th Cir. 2011) ("We recognize that whether to allow leave to

amend is a decision within the discretion of the district court. However, because of the seriousness of the alleged offense in this case, and because it is very clear from the state court documents that information does exist that would cure the defect in [the plaintiff's] complaint, this case is uniquely appropriate for remand."). *See also Gordon v. England*, 354 Fed. Appx. 975, 981-82 (6th Cir. 2009) (holding after a Rule 12 dismissal that the court would "remand the case to the district court and allow [the plaintiff] an opportunity to amend her initial complaint" because the plaintiff "was proceeding pro se and was likely to have been unaware [of the rule].")

Recently, in a similar ADA case where a *pro se* plaintiff appended EEOC filings to the complaint, the Northern District of Ohio granted a motion to dismiss, but allowed the plaintiff an opportunity to amend her complaint within thirty (30) days:

> The Court grants this leave in an abundance of caution, recognizing both the unique challenges facing *pro se* litigants and the preference that actions be determined on their merits. By affording leave, the Court makes no determination as to the merits of such a claim, nor does it offer a prediction as to whether the factual allegations in any amended claim will be sufficient to survive a Rule 12(b)(6) motion to dismiss.

*Alessio v. United Airlines, Inc.*, No. 5:17-cv-1426, 2018 WL 902334, at *7 (N.D. Ohio Feb. 15, 2018).

In light of the Sixth Circuit's preference that potentially meritorious cases proceed on the merits, this Court adopts *Alessio*'s approach. Defendant's motion to dismiss is provisionally GRANTED, but Plaintiff may amend his complaint within forty-five (45) days from the date of this order to raise a claim against Defendant for discrimination under the ADA. Should Plaintiff choose to amend, Defendant may respond to the amendment within twenty-one (21) days.

Should Plaintiff fail to timely file an amended complaint within forty-five (45) days of this ruling, the Court will enter judgment in Defendant's favor.

IT IS SO ORDERED.

Dated: January 2, 2020　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 2, 2020.

                                                s/William Barkholz
                                                WILLIAM BARKHOLZ
                                                Case Manager