# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Troy English,

            Plaintiff,        Case No. 5:19-cv-12463

v.                              Judith E. Levy
                                 United States District Judge

Deanna Wooten, et al.,

            Defendants.

_____/

## ORDER STAYING CASE FOR SIXTY DAYS OR UNTIL PLAINTIFF FILES AN AMENDED COMPLAINT BEFORE THAT TIME

Plaintiff Troy English filed this *pro se* disability discrimination complaint alleging that his employer, Defendant II Enterprises, fired him because of the medical expenses associated with his amputation. (ECF No. 1.) Plaintiff appended to his complaint an Equal Opportunity Employment Commission "Notice of the Right to Sue" letter, which stated that "[t]he EEOC found reasonable cause to believe that violations of the [Americans with Disabilities Act (ADA)] occurred with respect to some or all of the matters alleged in the charge." (*Id.* at PageID.3.)

On November 4, 2019, Defendant filed a motion to dismiss Plaintiff's complaint. (ECF No. 13.) On January 2, 2020, the Court construed Plaintiff's complaint as an ADA claim and provisionally granted the motion to dismiss, noting that Plaintiff insufficiently pled one of the three elements of a prima facie case of ADA discrimination: that he is otherwise qualified to perform the essential functions of his position, with or without accommodation. (ECF No. 17, PageID.57 (citing *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891-92 (6th Cir. 2016).) The Court granted Plaintiff forty-five days to timely file an amended complaint and noted that failure to do so would result in a judgment in Defendant's favor. (*Id.* at PageID.60.)

On January 24, 2020, Plaintiff timely filed an amended complaint. (ECF No. 18.) The complaint consisted primarily of a series of letters and documents pertaining to Plaintiff's employment with Defendant, as well as a checked list of laws that Plaintiff claims are applicable to this case, including: Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, "other federal law," and "other state law." (*Id.* at PageID.65.) On February 14, 2020, Defendant filed a motion to dismiss Plaintiff's second amended

complaint, arguing that Plaintiff "fails to plead the necessary elements for a claim of disability discrimination under the ADA . . . and fails to remedy the specific issue identified by the Court." (ECF No. 20, PageID.102.)

The Court notes that Plaintiff's second amended complaint, though timely, both fails to remedy the Court's prior identified issue and adds a litany of additional claims to the case. Though Defendant has moved to dismiss Plaintiff's entire suit, its motion addresses only the ADA claim and not the additional claims that Plaintiff brings in his second amended complaint. (*See id.*) As such, the Court cannot give Defendant the complete relief it seeks.

Nor does it appear that the complaint's shortcomings are indicative of frivolous or legally insufficient claims. Rather, Plaintiff's failure to remedy the Court's identified issue—naming Plaintiff's relevant position with Defendant and noting whether he was qualified for it—is indicative of Plaintiff's difficulty in representing himself. Were this case beyond the dispositive motion stage, this factor—along with the nature of the case, the complexity of the issues raised, and the possible merit of the claims—might have weighed in favor of the Court appointing counsel to represent

Plaintiff. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). However, the Eastern District of Michigan has expressed a preference against appointments of counsel "prior to the exhaustion of dispositive motions," *Dixon v. Kraft*, No. 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. March 14, 2017). Instead, at this stage of litigation, the Sixth Circuit requires courts to "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys." *Frengler v. Gen. Motors*, 482 Fed. Appx. 975, 976 (6th Cir. 2012). While "this lenient treatment has limits," *id.*, Plaintiff has made a good-faith and timely attempt to plead his case and will be afforded one final opportunity to file a well-pleaded complaint. The Court strongly encourages Plaintiff to seek assistance from the Federal *Pro Se* Legal Assistance Clinic, which has been established through the University of Detroit-Mercy Law School and can be reached at proseclinic@udmercy.edu or 313-234-2690. Plaintiff will not be given another opportunity to refile.

Accordingly, the Court ORDERS the stay of all proceedings in this case for sixty days, or until Plaintiff files an amended complaint before that time. "The power to stay proceedings is incidental to the power

4

inherent in every court to control the disposition of the cases in its docket with economy of time and effort for itself, for counsel, and for litigants." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. Of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). Balancing the "competing interests" of the parties, and the Court's interest in maintaining a clear and streamlined docket, the Court concludes that this case would benefit from—and that neither party would be prejudiced by—a stay of this duration.

IT IS SO ORDERED.

Dated: February 21, 2020  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 21, 2020.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager