UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Troy English,

                Plaintiff,        Case No. 5:19-cv-12463

v.                                    Judith E. Levy
                                       United States District Judge

Deanna Wooten, et al.,

                Defendants.

_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [20]</u>**

Plaintiff Troy English filed this *pro se* disability discrimination complaint alleging that his employer, Defendant II Enterprises, fired him because of the medical expenses associated with his amputation. (ECF No. 1.) Plaintiff appended to his complaint an Equal Opportunity Employment Commission "Notice of the Right to Sue" letter, which stated that "[t]he EEOC found reasonable cause to believe that violations of the [Americans with Disabilities Act (ADA)] occurred with respect to some or all of the matters alleged in the charge." (*Id.* at PageID.3.)

On November 4, 2019, Defendant filed a motion to dismiss Plaintiff's complaint. (ECF No. 13.) On January 2, 2020, the Court

construed Plaintiff's complaint as an ADA claim and provisionally granted the motion to dismiss, noting that Plaintiff insufficiently pled one of the three elements of a prima facie case of ADA discrimination: that he is otherwise qualified to perform the essential functions of his position, with or without accommodation. (ECF No. 17, PageID.57 (citing *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891-92 (6th Cir. 2016).) The Court granted Plaintiff forty-five days to timely file an amended complaint and noted that failure to do so would result in a judgment in Defendant's favor. (*Id.* at PageID.60.)

On January 24, 2020, Plaintiff timely filed an amended complaint. (ECF No. 18.) The complaint consisted primarily of a series of letters and documents pertaining to Plaintiff's employment with Defendant, as well as a checked list of laws that Plaintiff claims are applicable to this case, including: Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, "other federal law," and "other state law." (*Id.* at PageID.65.) On February 14, 2020, Defendant filed a motion to dismiss Plaintiff's second amended complaint, arguing that Plaintiff "fails to plead the necessary elements for a claim of disability discrimination under the ADA . . . and fails to

2

remedy the specific issue identified by the Court." (ECF No. 20, PageID.102.) The Court agreed in a February 21, 2020 Order, noting that Plaintiff's second amended complaint "both fails to remedy the Court's prior identified issue and adds a litany of additional claims to the case." (ECF No. 21, PageID.109.) Concluding that "the complaint's shortcomings [do not appear to be] indicative of frivolous or legally insufficient claims," the Court stayed the case for sixty days and strongly suggested that Plaintiff contact a *pro se* clinic, affording Plaintiff "one final opportunity to file a well-pleaded complaint." (*Id.* at PageID.110.)

Sixty days have come and gone, and Plaintiff has not complied with the Court's request. On March 2, 2020, Plaintiff filed a letter reiterating the statements in his complaint and accompanied it with a COBRA beneficiary report and doctor's note from 2017. (ECF No. 22.) None of these items respond to the Court's original request as to his claim under the ADA, and Plaintiff does not attempt to flesh out the laws that he identifies as relevant in his second amended complaint. Though the Court is duty-bound to "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by

3

attorneys . . . this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 Fed. Appx. 975, 976 (6th Cir. 2012).

For the reasons stated in the Court's January 2, 2020 Opinion and Order Provisionally Granting Defendant's Motion to Dismiss, Plaintiff has failed to "state a claim to relief that is plausible on its face." (ECF No. 17, PageID.53 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).) This case is DISMISSED.

IT IS SO ORDERED.

Dated: June 18, 2020  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

4